UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| WILLIAM RAMSEY, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 6:24-CV-001-CHB-HAI |
| | ) |
| v. | ) |
| | ) **MEMORANDUM OPINION** |
| LOWE'S HOME CENTERS, LLC, | ) **AND ORDER** |
| | ) |
| Defendant. | ) |
| | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Motion to Dismiss filed by Lowe's Home Centers, LLC.[1] *See* [R. 6]. Plaintiff William Ramsey responded to the motion, and Lowe's replied. *See* [R. 8]; [R. 12]. For the following reasons, the Motion to Dismiss will be denied.

**I.    Background**

The following facts are drawn from Ramsey's Complaint. *See* [R. 1-2]. Ramsey is a resident of Pulaski County, Kentucky. *See id.* at ¶ 1. On December 7, 2022, Ramsey was shopping at a Lowe's store located at 2001 S. Hwy 21, Somerset, Kentucky. *See id.* at ¶ 4. On that day, Ramsey was injured while pulling plywood from a stack of plywood on a shelf. *See id.* at ¶ 5. Ramsey alleges that he had "requested assistance from agents, servants or employees of Defendant to pull plywood from the rack that was stacked so high that the Plaintiff could barely reach the top." *Id.* at ¶ 6. Ramsey had located a group of three agents, servants, or employees of Lowe's

---

[1] Lowe's Home Improvement, LLC, was originally named as defendant in this action, *see* [R. 1-2, ¶ 2], and the Motion to Dismiss was actually filed by that entity. *See* [R. 6]. However, Lowe's Home Centers, LLC, has since been substituted into this case by agreed order. *See* [R. 7]; [R. 9]. Therefore, the Court will simply refer to the defendant in this action as being "Lowe's" (meaning Lowe's Home Centers, LLC) unless otherwise noted.

and asked them for help to pull the plywood, and those individuals indicated that they would come to help. *See id.* at ¶¶ 7–8. Ramsey waited by the stack, but no employee ever came to help. *See id.* at ¶ 9. Ramsey then again motioned to the employees for assistance with the plywood, but was ignored. *See id.* Ramsey proceeded to attempt to pull the plywood from the stack himself. *See id.* at ¶ 10. While pulling the plywood, "it came down onto his hand hard and in the process the force dislocated his right shoulder." *Id.*

Ramsey went to the front of the store to find help for his injury, and, at that time, he spoke to a female agent, servant, or employee of Lowe's and informed her of his injury and asked her to call a manager. *See id.* at ¶ 11. Ramsey was informed that there was no manager in the store at that time. *See id.* The incident with the plywood resulted in injury to Ramsey, including a "large traumatic right rotator cuff tear which required multiple surgeries." *See id.* at ¶ 13.

Based on these facts, Ramsey alleges that the agents, servants, or employees of Lowe's failed to exercise ordinary care for the safety of the business invitees of Lowe's. *See id.* at ¶ 12. His Complaint alleges one count of negligence against Lowe's. *See id.* at ¶¶ 12–15. Ramsey initiated this action through the filing of his Complaint in Pulaski Circuit Court on December 6, 2023. *See id.* at 2. Lowe's removed the action to this Court on the basis of diversity jurisdiction on January 3, 2024. *See* [R. 1]. On January 6, 2024, Lowe's filed the instant Motion to Dismiss. *See* [R. 6]; *see supra* n.1. Ramsey responded to the motion, and Lowe's replied. *See* [R. 8]; [R. 12]. The motion stands submitted for review.

II.  **Legal Standard**

Lowe's bases its Motion to Dismiss on Federal Rule of Civil Procedure 12(b)(6).[2]  To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual

---

[2] When Lowe's Home Improvement, LLC, originally filed the Motion to Dismiss, it argued that this Court lacked personal jurisdiction over it because it was not the entity that operated the store in Somerset where

- 2 -

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is "plausible on its face" if the factual content in the complaint "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). This standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

Determining if a complaint sufficiently alleges a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Further, the Complaint is viewed in the light most favorable to Ramsey, the allegations in the Complaint are accepted as true, and all reasonable inferences are drawn in Ramsey's favor. *See Gavitt v. Born*, 835 F.3d 623, 639–40 (6th Cir. 2016) (citing *Jelovsek v. Bredesen*, 545 F.3d 431, 434 (6th Cir. 2008)).

**III. Analysis**

---

Ramsey was injured. *See* [R. 6-1, pp. 4–6]. Because Lowe's Home Centers, LLC, has been substituted into this action and *is* the entity that operated the store in Somerset, the parties agree that the personal jurisdiction defense is moot. *See* [R. 10, ¶ 2] ("The proposed Agreed Order of Substitution (Doc. # 7) substitutes Lowe's Home Centers, LLC, as the defendant of record for Lowe's Home Improvement, LLC, and thereby renders moot the Fed. R. Civ. P. 12(b)(2) lack of personal jurisdiction defense contained in Defendant Lowe's Motion to Dismiss (Doc. # 6)."); *see also* [R. 8, p. 3] ("The Parties are in agreement that 'Lowe's Home Centers, LLC' shall be substituted for 'Lowe's Home Improvement, LLC.' Based upon this agreement, the issue of personal jurisdiction should be rendered moot.").

In its motion, Lowe's argues that Ramsey has failed to state a claim for negligence under Kentucky law. *See* [R. 6-1, pp. 6–13]. In Kentucky, "[t]he elements of a negligence claim are (1) a legally-cognizable duty, (2) a breach of that duty, (3) causation linking the breach to an injury, and (4) damages." *Patton v. Bickford*, 529 S.W.3d 717, 729 (Ky. 2016); *see also City of Barbourville v. Hoskins*, 655 S.W.3d 137, 140–41 (Ky. 2022) ("In any negligence case, the plaintiff must prove the following elements in order to prevail over the defendant: (1) the defendant owed the plaintiff a duty of care, (2) the defendant breached the standard by which his or her duty is measured, and (3) consequent injury.") (internal quotation marks omitted). "Duty presents a question of law, whereas breach and injury are questions of fact for a jury to decide." *Patton*, 529 S.W.3d at 729. "Causation presents a mixed question of law and fact." *Id.*

Premises liability claims, like the one Ramsey asserts in this action, are a particular subset of Kentucky negligence law.[3] *See Littleton v. Lowe's Home Centers, LLC*, No. 21-5033, 2021 WL 4058004, at *2 (6th Cir. Sept. 7, 2021) ("This is a case about premises liability, an offshoot of negligence."); *cf. Grubb*, 523 S.W.3d at 416 (opinion of Hughes, J.) ("To begin at the beginning, this is a premises liability case involving the long-recognized subclass of 'business premises' and the duties a possessor of such premises owes to 'business invitees.'").[4] "A negligence claim

---

[3] In recent years, Kentucky courts have sought to modernize the state's law surrounding premises liability claims. This evolution can be observed in cases such as: *Lanier v. Wal-Mart Stores, Inc.*, 99 S.W.3d 431 (Ky. 2003); *Kentucky River Medical Center v. McIntosh*, 319 S.W.3d 385 (Ky. 2010), *holding modified by Shelton v. Kentucky Easter Seals Society, Inc.*, 413 S.W.3d 901 (Ky. 2013), *as corrected* (Nov. 25, 2013); *Shelton*, 413 S.W.3d 901; *Dick's Sporting Goods, Inc. v. Webb*, 413 S.W.3d 891 (Ky. 2013), *as corrected* (Nov. 25, 2013); *Carter v. Bullitt Host, LLC*, 471 S.W.3d 288 (Ky. 2015); *Grubb v. Smith*, 523 S.W.3d 409 (Ky. 2017), *opinion modified on denial of reh'g* (Aug. 24, 2017); and *Greer v. Kaminkow*, 401 F. Supp. 3d 762, 770 (E.D. Ky. 2019) ("Beginning in 2010, the Kentucky Supreme Court has effected 'seismic' change in the Commonwealth's negligence law, at least relating to premises.") (collecting cases).

[4] Courts have recognized that *Grubb* is "'a tough study' when it comes to premises-liability law," as "the Kentucky Supreme Court reversed in part (on the trial court's failure to address comparative negligence) but split 3–3 on the issue of the store manager's liability." *Ashley v. Wal-Mart Stores E., LP*, No. 6:20-CV-106-CHB, 2020 WL 7646972, at *4 (E.D. Ky. Dec. 23, 2020). Ramsey's Complaint only names Lowe's,

brought under a theory of premises liability asserts that a land possessor has violated his duty to maintain his premises in a reasonably safe manner." *Hoskins*, 655 S.W.3d at 141. "Historically, the scope of the duty owed by a land possessor was dependent upon the status of one claiming injury as either a trespasser, a licensee, or an invitee." *Id.*

In this case, Ramsey was an invitee, as he was "an individual present on the premises at the explicit or implicit invitation of the property owner to do business or otherwise benefit the property owner." *Id.* (internal quotation marks omitted); *see also Hayes v. D.C.I. Properties-D KY, LLC*, 563 S.W.3d 619, 621 (Ky. 2018) (defining "invitee" as one who visits a property "with the possessor's consent as a member of the public for whom the property is held open or for the possessor's business"). "As a general rule, land possessors owe a duty to invitees to discover unreasonably dangerous conditions on the land and to either correct them or warn of them." *McIntosh*, 319 S.W.3d at 388; *see also Hoskins*, 655 S.W.3d at 141.[5]

"Conversely, conditions on the land that are not unreasonably dangerous do not implicate the land possessor's duty of care, and thus injuries arising from such conditions cannot give rise to the possessor's liability." *Grubb*, 523 S.W.3d at 417. But "an obvious risk-posing condition on the property can be unreasonable if, despite the obviousness, the property possessor can still anticipate someone's being injured by it." *Id.* at 419. Kentucky courts have explained that:

> an unreasonably dangerous condition is one that is recognized by a reasonable person in similar circumstances as a risk that should be avoided or minimized or one that is in fact recognized as such by the particular defendant. One indication

---

not any manager, as a defendant, so the fact *Grubb* involved a split decision is of less consequence in this action presently than in other cases.

[5] Certain cases applying Kentucky law in this context discuss "a burden-shifting approach to premises liability cases involving injuries to business invitees." *See Phelps v. Bluegrass Hosp. Mgmt., LLC*, 630 S.W.3d 623, 628 (Ky. 2021). However, other cases do not. *See Hoskins*, 655 S.W.3d at 141. It appears that the burden-shifting framework primarily applies in "slip-and-fall" cases or ones sufficiently analogous to such cases. *See Rollins v. Lowe's Home Centers, LLC*, No. CV 20-152-DLB-CJS, 2023 WL 2252376, at *2–3 (E.D. Ky. Feb. 27, 2023) (collecting cases). Neither party in this action specifically argues that the burden-shifting framework applies.

> that a risk is not unreasonable is that a reasonable person in the defendant's shoes would not take action to minimize or avoid the risk.

*Hoskins*, 655 S.W.3d at 141 (cleaned up). "It is generally a question of fact to be presented to the jury whether an unreasonably dangerous condition existed on the land possessor's premises sufficient to trigger the duty to warn or ameliorate." *Id.*

It is against this backdrop of law that the Court considers the parties' arguments. Lowe's first argues that it did not owe Ramsey a legal duty of care. *See* [R. 6-1, pp. 7–12]. In this context, Lowe's submits that "Kentucky courts have not imposed any duty on retailers to stop patrons from retrieving and loading merchandise or retrieving and loading merchandise unsafely onto a shopping cart" and that "[o]ther state and federal courts have, however, held that retailers do not owe a duty to patrons retrieving and loading merchandise in analogous circumstances." *Id.* at 8. Lowe's cites various cases from other states and districts and argues that such "cases recognize the principle articulated by the Kentucky Supreme Court in *Lanier v. Wal-Mart Stores, Inc.*, that a store owner is not an insurer of its customers' safety, and it is not absolutely liable to his customers." *Id.* at 8–11. Second, and third, Lowe's argues that Ramsey has also not adequately pled the elements of breach or causation for his negligence claim.[6] *See id.* at 12–13.

For his part, Ramsey argues that, through its motion, Lowe's "actually recognizes that there is a duty owed to retail business invitees" but then "poses a false dilemma by asserting there is no duty to assist customers and thus no cognizable claim." [R. 8, p. 3]. Ramsey submits that his claim does not rest solely on the failure of Lowe's to provide assistance, but rather that "the plain language of the Complaint cites to the condition of the stacked wood," with the reasonable inference being "that the stack was too high and thus unstable." *Id.* In this regard, the Court

---

[6] Lowe's makes no arguments regarding damages, the fourth element of Ramsey's negligence claim. The Court observes that this element has been adequately pled, as Ramsey alleges that his injuries included a "large traumatic right rotator cuff tear which required multiple surgeries." *See* [R. 1-2, ¶ 13].

perceives Ramsey to argue that the stack of wood was an "unreasonably dangerous condition." Further, Ramsey represents that "[t]he failure to provide assistance is alleged as context for the entirety of the events." *Id.*

Turning first to the arguments presented by Lowe's, to the extent that Lowe's argues that it owed no duty to Ramsey as an invitee, case law refutes such a position.[7] *See Grubb*, 523 S.W.3d at 426 ("The possessors of business premises, of course, are among the exceptions to the general rule of no affirmative duty. Such persons or entities generally do have a non-delegable, affirmative duty to protect their invitees from unreasonably dangerous conditions on the premises however those dangerous conditions came to be.") (internal citation omitted); *see also Carter*, 471 S.W.3d at 296 ("Indeed, as we have recently held, that openness or obviousness of a hazard by itself cannot obviate a landowner's duty of reasonable care or any liability resulting from a breach of that duty."). Indeed, Lowe's itself recognizes the duty a possessor of land owes to an invitee to discover unreasonably dangerous conditions on the land and either eliminate or warn of them. *See* [R. 12, p. 3] (quoting *Grubb*, 523 S.W.3d at 422).

Therefore, the Court views the proper inquiry not as whether Ramsey has plausibly alleged that Lowe's owed him a duty to keep its property safe, but whether Ramsey has adequately alleged that Lowe's, a possessor of land, failed to completely satisfy the duty of care it owed to Ramsey, an invitee. *See Shelton*, 413 S.W.3d at 905 ("Reframing the question in this way focuses the inquiry not on whether a duty *existed,* but whether the existing duty was *fulfilled.*") (emphasis in original); *see also McIntosh*, 319 S.W.3d at 393. In this context, Lowe's argues that Ramsey has

---

[7] Lowe's tries to narrow the duty it owed to Ramsey by arguing that it had no duty to assist him. However, the Court finds such arguments more properly considered in the context of whether Lowe's *breached* any duty it owed to Ramsey, not whether there was a baseline duty owed. *See Shelton*, 413 S.W.3d at 905.

failed to allege sufficient facts from which the Court can reasonably infer Ramsey encountered an unreasonably dangerous condition. *See* [R. 12, p. 4]. The Court disagrees.

In his Complaint, Ramsey alleges that he encountered a rack of plywood "that was stacked so high that the Plaintiff could barely reach the top." *See* [R. 1-2, ¶ 6]. According to the Complaint, Ramsey sought assistance with the plywood, but when none was provided, he "attempted to pull the plywood from the stack himself" and, while doing so, "it came down onto his hand hard and in the process the force dislocated his right shoulder." *Id.* at ¶ 10. Ramsey further alleges the "agents, servants or employees of the defendant failed to exercise ordinary care for the safety of the Defendant's business invitees," including Ramsey, by: failing to maintain the premises in a reasonably safe condition; negligently creating, allowing to occur, and/or having reason to know of the dangerous condition that posed a hazard to persons such as Ramsey; failing in their duty to protect or warn persons such as Ramsey from dangers known to or reasonably discoverable by Lowe's, its agents, servants, or employees; and failing to take reasonable measures to protect persons such as Ramsey from the harm presented by the hazard. *See id.* at ¶ 12.

The Court stresses that when considering a motion under Rule 12(b)(6), "[t]he complaint is viewed in the light most favorable to [the plaintiff], the allegations in the complaint are accepted as true, and all reasonable inferences are drawn in his favor." *Gavitt*, 835 F.3d at 639–40. Here, such reasonable inferences include that the stack of plywood was high, that Lowe's was responsible for stacking the plywood, and that the plywood, as stacked, was dangerous to invitees like Ramsey. These inferences combined with the fact that Ramsey was injured when he tried to get plywood off the stack lead the Court to find that the Complaint fairly alleges that the stack of plywood was an "unreasonably dangerous condition." Such a conclusion is supported by another

fair inference, which is that Lowe's could have foreseen that a customer who needed plywood off such a stack would attempt to retrieve it.

To this point, Lowe's argues that it would be more foreseeable from its vantage point that a customer would simply leave without purchasing an item rather than attempt to get the item on his own. *See* [R. 12, p. 5]. As a matter of human behavior, the Court questions such a premise. But that observation aside, Kentucky case law has, in recent years, attempted to make clear that such inquiries are properly considered in terms of asking whether a possessor of land *breached* the duty it owes to invitees. *See Greer*, 401 F. Supp. 3d at 770 (quoting *Wiley v. Sam's Club, Inc.*, No. 3:14-CV-54-GNS, 2015 WL 3687440, at *2 (W.D. Ky. June 12, 2015), *aff'd*, 632 F. App'x 263 (6th Cir. 2016) ("Kentucky's negligence law 'has evolved from a blunt question of . . . duty to a more nuanced analysis of breach and causation.'")); *see also Carter*, 471 S.W.3d at 297. And, again, it is important to remember that breach is a question of fact. *See Patton*, 529 S.W.3d at 729. Thus, questions surrounding whether Lowe's should have foreseen that a customer would attempt to get plywood from the stack (like Ramsey did) go to considerations of breach that would be premature for the Court to decide at the pleadings stage, given the adequate allegations in the Complaint.

This leaves the element of causation. Under Kentucky law, "[c]ausation consists of two distinct components: 'but-for' causation, also referred to as causation in fact, and proximate causation." *Id.* at 730. "But-for causation requires the existence of a direct, distinct, and identifiable nexus between the defendant's breach of duty (negligence) and the plaintiff's damages such that the event would not have occurred 'but for' the defendant's negligent or wrongful conduct in breach of a duty." *Id.* (explaining that "but for" causation is a factual question). "Proximate causation captures the notion that, although conduct in breach of an established duty

may be an actual but-for cause of the plaintiff's damages, it is nevertheless too attenuated from the damages in time, place, or foreseeability to reasonably impose liability upon the defendant." *Id.* at 731 (explaining that proximate cause is a legal question) (cleaned up).

In their briefs, both parties give short shrift to their causation arguments, and many premises liability cases likewise give little, if any, attention to the causation element of such claims. Moreover, the primary argument regarding causation that Lowe's posits in its briefing is that Ramsey himself is responsible for his injuries. *See* [R. 6-1, p. 12] ("Lowe's alleged breach did not cause Plaintiff to injure himself. Plaintiff's decision to unnecessarily attempt to retrieve the plywood did."). Such an argument implicates whether Ramsey was *himself negligent*. *See Rollins*, 2023 WL 2252376, at *6 ("[W]hen a lack-of-causation argument is made based upon the plaintiff's own behavior, that argument is comparative negligence."). And Kentucky case law makes clear that determinations regarding comparative negligence are appropriately considered by a jury or finder of fact. *See, e.g., id.* ("In Kentucky, under the comparative-fault regime, the fact finder is tasked with apportioning fault, not the Court.") (cleaned up). Therefore, questions regarding which party (or parties) should be held responsible for Ramsey's injuries, and to what degree, can be appropriately explored in discovery and subsequent motions practice. *Cf. Carter*, 471 S.W.3d at 298 ("For fault to be placed on either party, a party must have *breached* his duty; and if there is a breach, fault must be apportioned based on the extent a party's breach caused or helped cause harm to the plaintiff.") (emphasis in original). For now, it suffices that Ramsey's Complaint adequately alleges the actions of Lowe's caused his injuries.

The Court makes one final observation: namely, the reliance by Lowe's on the case law of other jurisdictions is largely unhelpful. A review of Kentucky case law makes clear that Kentucky courts have, over recent years, attempted to modernize tort law in light of the abolition of

contributory negligence principles. *See supra* n.3.  Thus, the decisions of other jurisdictions, which would surely be influenced by the particular contours of the judicial precedent those courts are bound to follow, shed little light on how Kentucky law should be applied to Ramsey's claim. Instead, based upon the Court's review of Kentucky law (as discussed above) and the present record, the Court finds that Ramsey's premises liability claim survives the challenge by Lowe's under Rule 12(b)(6).  The Motion to Dismiss by Lowe's will be denied.

### IV.    Conclusion

For the foregoing reasons, and with the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** as follows:

**1.** The Motion to Dismiss **[R. 6]** filed by Lowe's is **DENIED.**

This the 14th day of May, 2024.

*Claria Horn Boom*
CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY